Marsh agt. Brett and others.

## SUPREME COURT.

### ALANSON MARSH agt. J. E. BRETT and others.

A transfer of a promissory note given to an insurance company for the premium on a policy of insurance, made by the company by indorsement, without any resolution on the part of the directors, to the president of the company, to reimburse him for a loan made by him to the company, does not constitute the president a *bona fide* holder at all.

The transfer is in violation of the statute, being "a transfer not authorized by a previous resolution of the board of directors." (*See Gillett* agt. *Phillips*, 3 *Kern.* 116.)

A defendant sued upon such a note by the company, cannot avail himself of any alleged defects in the incorporation of the company.

*New - York Circuit, April,* 1857.

THE defendants gave their note to the International Insurance Company, of which the plaintiff was president, for the premium on a policy of insurance on a vessel. Subsequently, the president loaned the company some $2,000, and without any resolution on the part of the directors, took this, with other notes, to reimburse himself. The notes, however, were regularly indorsed to him by the company. The defendants refused to pay their note on maturity, setting up illegality of transfer, and denying the legal organization of the company.

Marsh agt. Brett and others.

J. W. STEVENS, *for plaintiff*.

G. DEAN, *for defendant*.

CLERKE, Justice. I do not think, that the defendants could have availed themselves of any of the alleged defects in the incorporation of the International Insurance Company, in an action commenced by the company. It would have been sufficient for them to prove the charter and the uses under it, and if the plaintiff in this action was a *bona fide* holder, he would have been entitled to recover, notwithstanding such defects. But I have as little doubt that he is not a *bona fide* holder, or rather he is not legally a holder at all, of this and other notes. *Gillett* agt. *Phillips*, (3 *Kernan*, 113,) settles the question. Marsh, the plaintiff in this action, was the president and a director of the company, and took notes, of which this was one, in the whole exceeding $1,000, sufficient to satisfy his claim against the company, $1,700 or $1,800 for money therefor advanced to them.

This was clearly in violation of the statute, (1 *R. S.* §§ 8, 9.) It was "a transfer not authorized by a previous resolution of the board of directors," and it does not fall within the exceptional clause of the section, for the notes were not transferred to "a purchaser without notice." A president or director is presumed to be cognizant of the absence of such authority, and this will be presumed in an action brought by him against a party to the note, as well as in an action commenced against him for the recovery of the note by a receiver. Judge GARDINER, in delivering the opinion of the court in *Gillett* agt. *Phillips*, says, that the contract in "that case was not only unauthorized but illegal. No action could have been sustained by Phillips against the bank for the price paid by him for the note, although he had sold the notes to redeem the circulating paper of the bank. A transfer of this kind is expressly prohibited by statute, and is therefore absolutely void, and no right to or property in the thing transferred, accrues to the offending party."

Judgment for defendants with costs.